UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

IN RE                                         :     Index No. 11-245999-JF

FRANCIS GROUP HOLDING CORP.   :     CHAPTER 11

                              Debtor.        :
-------------------------------------------------------- X

## DEBTOR'S AFFIDAVIT PURSUANT TO LOCAL RULE 1007-2

**STATE OF NEW YORK** )

**COUNTY OF KINGS** ) ss.:

Debtor Francis Group Holding Corp. ("Debtor)", by its President, Roger Francis, makes this affidavit pursuant to Local Rule 1007-2 as follows:

1. On July 11, 2011, Debtor filed a petition for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. sec. 101 et seg. ("the Code").

2. Debtor had filed a similar petition for relief under Chapter 11 of the Code on April 16, 2010 (Index No. 10-43296-jf).

3. Debtor had filed a petition under Chapter 11 of the Code on March 2, 2004 (Index No. 04-13002-jf).

4. Debtor owns three apartment buildings in Brooklyn, NY located at 180 Linden Boulevard, 287 Clarkson Avenue and 394 Rutland Avenue.

1

5. Debtor has 3 shareholders, each of whom owns 33 1/3% of Debtor's stock: Roger Francis, Rudolph Francis and Roy Francis.

6. Debtor owns real property located at 180 Linden Boulevard, Brooklyn, NY ("Linden"), 287 Clarkson Avenue, Brooklyn, NY ("Clarkson") and 394 Rutland Road, Brooklyn, NY ("Rutland"), collectively referred to as "the buildings."

7. Each building is encumbered by a mortgage as follows:

   a. On Rutland, JP Morgan Chase asserts a $470,000 mortgage. Debtor believes that the property has a $768,000 value;

   b. On Clarkson, JP Morgan Chase holds a $316,000 mortgage. Debtor believes that the property has a $316,000 value;

   c. On Linden Key Bank Real Estate holds a $1,000,000 mortgage. Debtor believes that the property has a $946,000 value.

8. Each property is subject to a foreclosure proceeding pending in the Kings County Supreme Court. Receivers have been appointed for Rutland and Linden. Pursuant to section 543(a) of the Code, each receiver is generally enjoined from continuing to operate the property under his control, and pursuant to section 543(b) of the Code, each receiver is generally required to turnover possession of the property under his control to the Debtor and file an accounting of the receivership.

9. The Debtor's general unsecured creditors have claims totaling approximately $750,000. Most of that debt is insider debt.

10. The Debtor's financial problems started as a result of problems dating back to 2008-2009, including:

    a. The economic downturn which caused a number of tenants to default and/or vacate their apartments;

    b. High oil prices; and

    c. Tax increases.

11. As rent collections decreased and cosets increased, Debtor fell behind in its mortgage payments, and the mortgagees on the buildings commenced foreclosure actions thereon.

12. Once the tenants discovered this, many stopped paying rent, which prevented Debtor from making mortgage payments as well as repairs required to the building.

13. At the same time, a receiver was appointed for Linden and Rutland, and funds were inappropriately spent and unaccounted for on Linden.

14. Further exacerbating the problem, the Tenants committee made complaints about the deterioration building condition to the New York City Department of Housing Preservation and Development ("HPD") for Debtor's failure to maintain the building.

15. As a result of these complaints, HPD issued more than 200 violations on Linden only, and Debtor was ordered to effectuate repairs under penalties of $500 per day for non-compliance.

16. Debtor has made substantial progress in repairing and curing the violations while under the prior Chapter 11 proceeding.

17. Debtor believes that there are 100; remaining HPD violations that need repair before all violations in Linden will be cured. In the mean time, Debtor has cured more than 100, violations.

18. Debtor estimates that the cost of repairing the remaining violations cited by HPD will be $20,000.00.

19. Debtor proposes spending $6,000.00 per month of the rent collected to make required repairs on the premises. By making these expenditures, Debtor will be able to rent vacant apartments, and its income will grow accordingly.

20. Linden has 4 vacant apartments. Once these apartments are rented, Debtor expects to achieve additional income of $ 4,000.00 per month. Plus there are 18 tenants that refuse to pay rent. Debtor expects to achieve additional income of $20,000.00 per month.

21. In order to complete these repairs, Debtor will ask for:

   a. an Order directing payment of all rent and arrearages in each building directly to Debtor during the pendency of this action.

   b. an Order authorizing its use of cash collateral.

   c. An Order of this Court to hire ME Perez and Associates ("Perez") to manage the buildings.

22. Perez and its employees works with troubled real estate assets and has turned around numerous adverse real estate rental situations.

23. Debtor's objectives in this case are to stabilize its troubled real estate assets, to restructure, refinance or reinstate the existing mortgages to facilitate a realistic return for all parties.

24. Debtor realizes that its prior Chapter 11 action was dismissed abruptly when it appeared that Debtor was not willing to proceed with the Amended Plan of Reorganization and Disclosure Statement presented to the Court by Debtor's counsel.

25. Prior to the hearing on that amended Plan, Debtor had been under the belief that it would have 6 months after confirmation to finalize refinancing for the premises. On the date of the hearing on the Plan, Debtor discovered that it would have approximately 6 weeks to effectuate a refinance, or the buildings would be sold.

26. This left the Debtor in an untenable position, and it withdrew its Aamended Plan and Disclosure Statement.

27. No committee of creditors was previously appointed hereto.

28. The schedule of twenty (20) largest non-insider unsecured creditors is annexed to the petition.

29. No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor are publicly held.

30. I will be responsible for the Debtor's management during the pendency of this matter.

Dated: July 25, 2011
       Brooklyn, NY

_____
Roger Francis, President

Sworn to before me this
26th day of July, 2011

_____
Notary Public

MARIE LEVASSEUR
Notary Public, State of New York
No. 01LE6077527
Qualified in Nassau County
Commission Expires July 18, 2014

6